**John A. GRAHAM, Petitioner–Appellant,**

v.

**Lawrence R. TILGHMAN, Warden, Respondent–Appellee.**

**No. 727, Docket 93–2452.**

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1993.

Decided Sept. 9, 1994.

David B. Rozwaski, Legal Assistance to Prisoners, Hartford, CT, for petitioner-appellant.

L.D. McCallum, Asst. Atty. Gen., Hartford, CT (Richard Blumenthal, Atty. Gen., of counsel), for respondent-appellee.

Before: WINTER and PRATT, Circuit Judges, and WARD, District Judge.*

WINTER, Circuit Judge:

John A. Graham appeals from Judge Eginton's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). Graham alleged that his confinement in Connecticut is unconstitutional because Ohio and Connecticut refused to cooperate to afford him a timely parole revocation hearing with respect to his Ohio parole. We remand for reconsideration in light of the current version of the Ohio Administrative Code.

Graham was convicted and sentenced for a crime in Ohio. He was paroled in 1982 and was granted the privilege of parole supervision in Connecticut, pursuant to the Uniform Act for Out-of-State Parolee Supervision, Conn.Gen.Stat. §§ 54–132 to 138 (1985). While under parole supervision in Connecticut for his Ohio sentence, Graham was arrested and charged with criminal acts. Connecticut then served Graham notice of parole violation and advised him of his right to a preliminary hearing on parole revocation. Graham requested "postponement of [the] hearing until after court disposition of the [Connecticut charges]."

After Graham's Connecticut arrest, Ohio declared him to be a parole violator and issued a warrant for his arrest. This warrant, which has not been executed, remains lodged as a detainer against Graham. Graham was then convicted of the Connecticut charges, and is currently serving a thirty-year sentence. After his conviction, Ohio again declared Graham to be a parole violator based upon his Connecticut conviction. Graham has sought but been unable to obtain a parole revocation hearing and has been informed that he will not receive such a hearing until he is returned to Ohio at the expiration of his Connecticut sentence. Because of the Ohio detainer lodged against him, Graham is ineligible for participation in reduced-security prison programs.

After Graham was denied a parole revocation hearing, he filed a writ of habeas corpus in state court, seeking dismissal of the Ohio detainer. When that petition was denied and unsuccessfully appealed, he filed a federal habeas petition, again requesting removal of the Ohio detainer and restoration of his parole status at the conclusion of his Connecticut sentence. The district court denied Graham's petition on November 2, 1992, concluding that Graham had no due process right to an immediate parole revocation hearing.

*The Honorable Robert J. Ward, United States District Judge for the Southern District of New York, sitting by designation.

Then, after granting Graham's motion for reconsideration, it affirmed its earlier decision denying the petition.

On appeal, Graham asserts that his petition was erroneously denied because his due process and equal protection rights have been violated by Connecticut's failure to provide a parole revocation hearing prior to the expiration of his Connecticut sentence. He argues, *inter alia*, that his due process rights are violated by ·Connecticut's failure to adhere to the mandatory language of Connecticut's Uniform Act for Out-of-State Parolee Supervision, Conn.Gen.Stat. §§ 54–132 to 138.

Section 54–136 of the Uniform Act for Out-of-State Parolee Supervision provides that prisoners such as Graham, who are transferred from an original parole state to a receiving state and are then reincarcerated in the receiving state, shall not be deprived of:

> any rights which such person would have had if incarcerated or reincarcerated in an appropriate institution of the sending state ... except that the hearing or hearings, if any, to which a parolee or probationer may be entitled, prior to incarceration or reincarceration, by the laws of the sending state may be had before the appropriate judicial or administrative officers of the receiving state.

Conn.Gen.Stat. § 54–136. Graham argues that because the Ohio Administrative Code provides that an Ohio parolee who has been declared a violator "shall" be granted a revocation hearing within a reasonable time after a request, *see* Ohio Admin.Code. § 5120:1–1–19(B) (1993), Connecticut's ·failure to provide such a hearing has deprived him of liberty without due process.

Before the district court and on appeal, appellee countered this argument by relying upon the 1992 version of Section 5120:1–1–19, which provided in relevant part, "The hearing for a releasee who has been convicted in a state other than the State of Ohio, and is being returned as a violator, shall be held within a reasonable period of time after his return to confinement within the boundaries of the State of Ohio." Ohio Admin.Code § 5120:1–1–19(A)(2) (1992). However, on

September 1, 1992, prior to the district court's dismissal of Graham's petition, this provision was repealed on an "emergency" basis. On November 29, 1992, the provision was permanently repealed, and the current version does not contain the language of Section 5120:1–1–19(A)(2) pertaining to treatment of parole violators returned to Ohio at the completion of their out-of-state sentences. *See* Ohio Admin.Code § 5120:1–1–19 (1993).

The district court rejected Graham's argument that Ohio and Connecticut law afforded him a right to a timely parole revocation hearing. Its ruling did not cite to Ohio Administrative Code Section 5120:1–1–19(A)(2) (1992). However, the court was evidently relying upon this Section when it stated, "[W]here a parolee is convicted of a crime in another state, Ohio law provides for a final revocation hearing after the parolee is returned to Ohio and after he has completed his sentence in the other state." The district court ruling cited to Ohio Rev.Code Ann. § 5149.17 in support of this statement. Ohio Rev.Code Ann. § 5149.17(C) provides that where a criminal charge is pending against a parolee in a receiving state (e.g., Connecticut), "he shall not be retaken [by Ohio] without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

Ohio Revised Code Section 5149.17(C) would support the court's statement only when read in conjunction with the former Administrative Code Section 5120:1–1–19(A)(2). As noted above, the Uniform Act for Out-of-State Parolee Supervision provides that Graham may not be deprived of any rights he would have been entitled to in Ohio, except that any Ohio parole revocation hearing to which he is entitled may be held by appropriate judicial or administrative officers in Connecticut. Conn.Gen.Stat. § 54–136. Under Ohio law, a parolee in Ohio is generally entitled to a parole revocation hearing within a reasonable period of time after a detainer has been filed against him. *See* Ohio Admin.Code §§ 5120:1–1–19, 5120:1–1–21 (1993). Thus, in the absence of the 1992 separate provision for treatment of parolees outside of Ohio, Graham may have been enti-

tled under Ohio and Connecticut law to a timely parole hearing in Connecticut, even if, under Ohio Rev.Code § 5149.17, he could not be returned to Ohio prior to the expiration of his Connecticut sentence. Therefore, although the district court cited only to Ohio Rev.Code § 5149.17, its statement cannot be supported without reference to the repealed Section 5120:1–1–19(A)(2) (1992).

Our belief that the district court was unaware of Ohio's repeal of Section 5120:1–1–19(A)(2) is confirmed by the fact that both parties continued to refer to that Section in their briefs and oral arguments on this appeal. Indeed, only post-argument requests from this panel caused the parties to agree that that Section was in fact repealed. We believe that the district court should have an opportunity to consider the arguments of the parties in light of current Ohio parole revocation regulations. Therefore, we remand to the district court for reconsideration of the petition.

For the benefit of the parties and the district court, we also note that Graham's claim of a right to a hearing in Connecticut has been substantially altered by the repeal of the earlier version of Section 5120:1–1–19(A)(2). Before the repeal, the Connecticut parole authorities and courts may well have viewed the "rights [Graham] would have had," Conn.Gen.Stat. § 54–136, as being only a right to a hearing within a reasonable time after being returned to Ohio soil, as indicated in the repealed provision. Given the repeal and promulgation of revised parole revocation regulations, Graham now seemingly presents a new claim under Conn.Gen.Stat. § 54–136.[1] Whether this affects his federal constitutional claims is unclear, but, if it does, then a serious question exists as to whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been met or whether federal courts should not abstain from addressing a claim based in part on an asserted violation of state law before the appropriate state authorities have even been asked to apply that law.

Remanded.

---

1. It is unclear whether Graham's claim is now governed by Ohio Admin.Code Section 5120:1–1–19, which appears to govern parole revocation of releasees returned by the parole authority, Section 5120:1–1–21, which appears to govern parole revocation of releasees recommitted for a new offense, or some other provision of Ohio law.