[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 7, 1996
By amended petition dated May 17, 1995, the petitioner seeks an order that a detainer from the State of Ohio be removed from his Department of Corrections records, and that the petitioner be reinstated into his Connecticut parole. While the petitioner does not assert that his present confinement in the custody of the Commissioner of Corrections is unlawful, he claims that the presence of a parole revocation detainer from Ohio in his institutional files has prevented him from certain programs, activities and classifications in the corrections system. Additionally, he claims that his disqualification from these programs and activities will likely prejudice him when he does ultimately appear before a parole board in regard to his Ohio parole.
On February 16, 1996, the respondent filed a Motion for Summary Judgment asserting that there are no genuine issues of material fact between the parties requiring a habeas trial. This Memorandum addresses the respondent's summary judgment motion. CT Page 6291
As a preliminary matter, the court notes that this case has a substantial procedural history including a prior judicial determination in the habeas court, review of the habeas court's decision by the Connecticut Supreme Court, and determinations by the United States District Court as well as the United States Court of Appeals for the Second Circuit. Without exhaustively reiterating the contents of each of these judicial intersections, the court finds the following based on undisputed facts and judicial record.
The petitioner was convicted and sentenced for a crime in the State of Ohio. Subsequently, in 1982, he was granted parole in Ohio, and pursuant to applicable provisions of the Interstate Compact Agreement, Connecticut General Statutes § 54-132 to 138, his parole was extended to permit his residence in Connecticut. While under parole supervision in Connecticut for his Ohio sentence, the petitioner was arrested in Connecticut and charged with various crimes alleged to have occurred in Connecticut. Once the petitioner was in custody, Connecticut served him notice of parole violation and advised him of his right to a preliminary hearing on parole violation. The petitioner, in turn, requested a postponement of the hearing until after disposition of the Connecticut criminal charges. In addition, following the petitioner's arrest, the State of Ohio declared him to be a parole violator and issued a warrant for his arrest. This warrant, which has not been executed, remains lodged as a detainer against the petitioner. Following the petitioner's conviction, the State of Ohio again declared him to be a parole violator based on his conviction.
The petitioner has sought to obtain a parole revocation hearing but he has been informed that he will not receive such a hearing until he is returned to the State of Ohio at the expiration of his Connecticut sentence. As a result of the detainer lodged against him, the petitioner is ineligible for participation in a number of Department of Corrections programs and activities. Additionally, his classification status is adversely affected by reason of the existence of the detainer.
The petitioner is presently an inmate in the custody of the Commissioner of Corrections serving his thirty years sentence.
Following the failure of the Ohio or the Connecticut parole boards to grant the petitioner a parole revocation hearing, the CT Page 6292 petitioner then filed a habeas petition with this court which was dismissed. On appeal, the habeas court's dismissal was affirmed. cf. Wheway and Graham v. Warden, 215 Conn. 418 (1990).
The petitioner then unsuccessfully brought a habeas petition in the United States District Court. cf. Civil No. 5:92CV00242 (WWE). Following dismissal of the petition at the trial level, the petitioner appealed to the United States Court of Appeals for Second Circuit which remanded the case back to the Federal District court on the basis that the petitioner might have had an unexhausted federal habeas claim. This issue was raised during oral argument before the Court and concerned information that the State of Ohio may have amended its Administrative Code which could affect the timing of the petitioner's entitlement to a parole revocation hearing. Cf. Graham v. Tilghman, 35 F.3d 74
(1994). On remand, the United States District Court dismissed the petition because it contained unexhausted claims. Thus, the petitioner has filed a new State habeas petition.
In analyzing the Respondent's Motion for a Summary Judgment, the court divides the petition into two aspects. In one part, the petitioner asserts that as a result of the pendency of the Ohio detainer he is deprived of participation in certain programs and activities while in custody, and that his classification status has been negatively impacted. All of these issues were raised by the petitioner in his previous habeas petition and discussed by the Supreme Court. The court opined: "Prison classification and eligibility for various rehabilitation programs wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process." Wheway v. Warden,supra, 215 Conn. at 431. These claims, bundled by the court as "conditions and status claims" are therefore res judicata. As such, the petitioner is not entitled to have them relitigated.
The second portion of the petition relates to the petitioner's claim that he is entitled to a parole revocation hearing or, in its absence, to the removal of the Ohio detainer from his Department of Corrections file. While the Supreme Court dismissed this portion of the petitioner's initial claim on the basis that he was not, in fact, entitled to an Ohio parole revocation hearing while serving his Connecticut sentence, it does not appear that the issue of the justiciability of this claim through a habeas petition was raised before the Court.[1]
The respondent, however, has now raised that issue as a basis for CT Page 6293 his summary judgment motion. On numerous occasions our courts have opined that: ". . . habeas corpus provides a special and extraordinary legal remedy for illegal detention." (Internal citations omitted.) Vincenzo v. Warden, 26 Conn. App. 132 (1991). Additionally, it is fundamental that the derivation of legal rights is a necessary antecedent to the issuance of the writ. Id.
Applying these general principles to the parole context, the court, in Vincenzo, stated: "Since it is clear that an inmate has no liberty interest in or right to parole release, it follows a fortiori that he cannot invoke a court's subject matter jurisdiction in a habeas action by claiming his confinement is illegal based on a parole board's failure to adhere to rule-making procedures." Vincenzo v. Warden, supra 26 Conn. App. 143-44. The court believes it logically follows that if the petitioner does not have a liberty interest, cognizable at habeas, in whether a Parole Board adheres to rule making procedures, he similarly does not have a liberty interest, given life through the habeas process, in whether the Parole Board has properly declined to schedule a parole violation hearing relating to his Ohio conviction while he is lawfully serving a Connecticut sentence. Accordingly, in keeping with the tradition of preserving habeas corpus jurisdiction to those cases in which the lawfulness of one's confinement is at issue, the court does not reach the question of whether the petitioner is, in fact, presently entitled to a parole revocation hearing. While, at first blush, it might appear appropriate for the court to respond substantially to this issue for the sake of judicial economy, the court believes that to do so would simply dilute and trivialize the purposes of the Great Writ.[2]
The court finds that there are no genuine issues of fact between the parties. The court further finds that, as a matter of law, the petitioner is not entitled to habeas relief. For the reasons stated, the Motion for Summary Judgment is granted.